UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-CR-0184-WTL-MJD |
| | ) | |
| JOSPEH JAY JOHNSON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable William T. Lawrence, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 2, 2016 and the supplemental petition filed on December 5, 2016, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on December 15, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On December 15, 2016, defendant Joseph Jay Johnson appeared in person with his appointed counsel, William Dazey. The government appeared by Cynthia Ridgeway, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Johnson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Johnson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Johnson and his counsel, who informed the court they had reviewed the Petition and that Mr. Johnson understood the violations alleged. Mr. Johnson waived further reading of the Petition.

3. The court advised Mr. Johnson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Johnson was advised of the rights he would have at a preliminary hearing. Mr. Johnson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Johnson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Johnson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Johnson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Johnson, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

        As previously reported to the Court, on September 8, 2016, the offender submitted a urine sample which was not consistent with human urine. The probation officer confronted him about this sample, and he denied any wrongdoing. On August 11, 23, 25, September 16, 19, and 26, 2016, Mr. Johnson tested positive for cocaine. He admitted using the substance on each occasion.

7. The court placed Mr. Johnson under oath and directly inquired of Mr. Johnson whether he admitted violation 1 of his supervised release set forth above. Mr. Johnson admitted the violations as set forth above.

8. The Government orally moved to dismiss violations 2, 3, 4, and 5 and the Court granted the same.

9. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 2) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Johnson's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of Mr. Johnson's supervised release, therefore, is 18 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly proposed a sentence of fifteen (15) months with no supervised release to follow. Defendant requested placement at the lowest level security facility he is qualified for that is close to Indianapolis.

    The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JOSEPH JAY JOHNSON, violated the above-specified conditions in the Petition and that his

3

supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of fifteen (15) months with no supervised release to follow. Court will recommend placement at a facility closest to Indianapolis, Indiana with the lowest security level defendant is qualified for. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Alexander stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Johnson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Johnson's supervised release, imposing a sentence of imprisonment of fifteen (15) months with no supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Court will recommend at a facility closest to Indianapolis, Indiana with the lowest security level defendant is qualified for.

IT IS SO RECOMMENDED.

Date: _____12/30/16_____

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal